UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> T.S.T.A., INC. d/b/a Papa G's, an Illinois corporation, RICK TSAKALIOS, and STEVE TSAKALIOS, individually, <br> Defendants. | Civil Action No.: |

**COMPLAINT**

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, MARTIN J. WALSH, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants T.S.T.A., INC. d/b/a PAPA G'S ("PAPA G'S"), RICK TSAKALIOS, and STEVE TSAKALIOS (collectively, "Defendants") from violating Sections 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees. The Secretary also seeks punitive damages for Defendants' violations of the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from February 3, 2019, through January 20, 2022 (the

1

"Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant PAPA G'S is a corporation within this Court's jurisdiction with an office at 10502 Illinois Highway 47, Huntley, Illinois, 60142 where it conducts business.

4. PAPA G'S is a sit-down restaurant serving a variety of American diner food.

5. Defendant RICK TSAKALIOS has actively managed and supervised PAPA G'S operations and its employees during the Investigation Period. Among other things, RICK TSAKALIOS has hired and directed the work of employees, set pay rates, and provided payroll information to PAPA G's accountant.

6. RICK TSAKALIOS has acted directly or indirectly in PAPA G'S interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. Defendant STEVE TSAKALIOS has actively managed and supervised PAPA G'S operations and its employees during the Investigation Period. Among other things, STEVE TSAKALIOS has hired and directed the work of employees and set their work schedules.

8. STEVE TSAKALIOS has acted directly or indirectly in PAPA G'S interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

9. During the Investigation Period, Defendants engaged in business within McHenry County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

10. PAPA G'S is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

11. PAPA G'S is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

## FLSA Overtime and Recordkeeping Violations

12. Defendants repeatedly and willfully violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

13. Specifically, Defendants paid cooks, bussers, and dishwashers for their first 40 hours worked via check, and overtime hours after 40 hours, in cash, at their regular rate, rather than one-and-one-half times their regular rate as required by the FLSA.

14. Defendants repeatedly and willfully violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.

    a. Defendants failed to maintain accurate records of hours worked for the majority of the Investigation Period, excluding the period between June 2020 and June 2021;

    b.    Defendants failed to maintain accurate records of overtime compensation for the majority of the Investigation Period, excluding the period between June 2020 and June 2021; and

    c.    Defendants completely omitted some employees from time records.

15.    Moreover, Defendants repeatedly and willfully violated Sections 207 and 211 of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

16.    Specifically, Defendants acted willfully when they maintained a duplicate set of business records.

    a.  At the beginning of the investigation, Defendants first produced a set of formal business records covering the entire investigative period which deliberately omitted overtime hours worked by employees.

    b.  Defendants later produced a set of informal records which recorded actual hours worked and pay between June 2020 and December 2020.

    c.  Pursuant to a warrant, a second set of informal records were produced, which recorded actual hours worked and pay between January 2021 and June 2021.

17.    Defendants knew they were required to pay employees at one- and one-half times their regular rate for hours worked in excess of 40, as demonstrated by their pay practice of paying for overtime hours, in cash, at their regular rate separate from their check payments for their non-overtime hours worked.

## FLSA Retaliation Violations

18.    Section 215(a)(3) of the Act prohibits retaliation against employees and former employees when they assert their rights under the FLSA. The provision prohibits, among other

things, "any person" from "discharge[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

19. Since at least February 9, 2022, Defendants have violated and continue to violate Section 215(a)(3) by retaliating against and intimidating employees from engaging in the protected activity of communicating with or being about to communicate with the Secretary in connection with the Secretary's investigation of Defendants under the FLSA.

20. Defendants' retaliatory conduct includes: (a) asking employees to disclose what they discussed with the Wage and Hour Division during their confidential interviews; (b) repeatedly telling one employee he did not have to speak to the Wage and Hour Division; (c) asking employees not to give the Wage and Hour Division any information; (d) continually entering the area where confidential employee interviews were taking place; (e) threatening to find out what employees said to the Wage and Hour Division via another source; and (f) threatening workers by stating if a lawsuit was brought, they would receive nothing and something bad might happen to them.

21. As a result of Defendants' actions, a reasonable employee would be dissuaded from engaging in activities protected under the Act, such as discussing unpaid overtime compensation or cooperating with an investigation regarding compliance with the FLSA by the Secretary.

**Remedies Sought**

22. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants

continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

23. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Secretary does not currently know.

24. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

25. Defendants are also liable for punitive damages under the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3).

## Prayer for Relief

As a result of Defendants' repeated and willful FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants'

employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

  D. Awarding punitive damages for Defendants' retaliation against employees in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3).

  E. Providing such other relief as may be necessary and appropriate.

  F. Awarding costs and granting such other and further relief as may be necessary and appropriate.

          Respectfully submitted,

          **SEEMA NANDA**
          Solicitor of Labor

          **CHRISTINE Z. HERI**
          Regional Solicitor

          **BROOKE E. WORDEN**
          Senior Trial Attorney

           /s/ *Julia Napier*
          **JULIA NAPIER**
          Trial Attorney

          U.S. Department of Labor
          Office of the Solicitor
          230 South Dearborn Street, Rm. 844
          Chicago, Illinois 60604
          312-353-5759
          napier.julia.m@dol.gov

          *Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*